UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JOSH LUKE MITCHELL, )
)
    *Plaintiff,* )
)
v. ) 1:13-cv-426
) *Judge Mattice*
MARION COUNTY DEPUTY CHRIS LADD, )
)
    *Defendant.* )

## M E M O R A N D U M

Plaintiff Josh Luke Mitchell ("Plaintiff") filed a motion to proceed *in forma pauperis* (Doc. 1) and a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). Plaintiff contends his constitutional rights were violated on April 20, 2012, when Deputy Chris Ladd ("Deputy Ladd") used excessive force when arresting him and subsequently denied him immediate medical care for the injuries he sustained as a result of the excessive use of force during his arrest (Doc. 2). Plaintiff seeks to recover "between $30,000 to $80, 000 to pay for a lawyer, my medical cost and for the pain and suffering [he] went through and all stress [sic] that [he is] going through now." (Doc. 2, p. 6).

Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Doc. 1). For the reasons set forth herein, no service shall issue, and all claims in this complaint will be **DISMISSED** because they are time-barred (Doc. 2).

**I. APPLICTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing

fee in the amount of $350.00. Plaintiff, however, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner at the Marion County Jail, his *in forma pauperis* application will be **GRANTED** to the extent that he does not have to pay the total fee at this time but **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the $350.00 filing fee as he will be assessed the fee and required to make the payment in installments. Accordingly, Plaintiff will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 (Doc. 1).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b) (2).

2

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Marion County, the Custodian of Records at the Marion County Jail, the Commissioner of the Tennessee Department of Corrections, the Attorney General for the State of Tennessee, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

## II. PLAINTIFF'S ALLEGATIONS

In his complaint, Plaintiff claims that on April 20, 2012, he was arrested. While lying on the ground, Deputy Ladd told him not to move. Although Plaintiff abided by the deputy's order, he was tased and then kicked in the head/face by a shoeless Deputy Ladd which resulted in Plaintiff's nose being broken. Although Plainitff continued to lie on the ground, he was kicked in the face again and tased. Plaintiff was taken to the jail bleeding and, after being questioned at the jail, taken to the hospital for treatment of the injuries he sustained during his arrest.

### III. SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e) (2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

During the screening process, the Court is mindful that where a deficiency in the complaint is able to be cured, Plaintiff shall be permitted to amend his complaint to cure such deficiency. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (overruling in part, *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), and holding a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA). However, a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations omitted).

### IV. TIMELINESS OF COMPLAINT

Title 42 U.S.C. § 1983 itself does not contain a statute of limitations. The United States Constitution and the federal statutes enacted by Congress do not expressly

4

provide a statute of limitations for claims arising under 42 U.S.C. § 1983.  *Harris v. United States,* 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties).  Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted.  *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).  However, federal law determines the accrual of those claims.

The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee.  *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).  Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued.  Federal law determines when claims accrue.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980).  In 42 U.S. C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint.  *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer*, 98 F.3d at 220.  A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

5

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, the Court looks to the date when Plaintiff became aware of the claims he now raises. *See generally Fox v. DeSoto,* 489 F.3d 227, 233 (6th Cir. 2007) (excessive use of force during arrest accrues at time of arrest); *Hodge v. City of Elyria,* 126 Fed. Appx. 222, 225 (6th Cir. 2005) (explaining that typically the statute of limitations for a claim alleging an excessive use of force during arrest claim begins to run on the date of the alleged use of excessive force).

Because the alleged excessive use of force occurred on April 20, 2012, and the record before the Court does not indicate the concerns of the *Heck* favorable termination rule[1] are implicated in this case, *see Schreiber v. Moe,* 596 F.3d 323, 334 (6th Cir. 2010) ("Generally speaking, a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable." (internal punctuation and citation omitted)), the Court concludes that Plaintiff's excessive use of force claim accrued at the time of his arrest, i.e., April 20, 2012.

Likewise, Plaintiff's denial of delayed medical care claim accrued on April 20, 2012, as he alleges he was denied medical care for the injuries resulting from the excessive use of force. Therefore, the one-year statute of limitations commenced to run on April 20, 2012. Consequently, the one-year statute of limitation expired on or about April 20, 2013, almost eight months prior to Plaintiff filing this civil rights complaint.

---

[1] The *Heck* favorable termination rule provides that the statute of limitations does not begin to run on a criminal defendant's § 1983 claim until the criminal charges have been dismissed if the § 1983 claim could bring the claimant's criminal conviction into question. *Heck v. Humphrey,* 512 U.S. 477 (1994).

Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983. Although the envelope on the Court's CM/ECF docket does not reflect when the Plaintiff gave the complaint to the prison mailroom, he signed his complaint on December 9, 2013. The prison mailbox rule, provides that a pleading of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). For purposes of calculating the statute of limitations here, because the Court is unable to determine when Plaintiff delivered the complaint to prison authorities for mailing, it will generously use the date on which Plaintiff signed his complaint, i.e., December 9, 2013. Therefore, Plaintiff's civil complaint is deemed to have been filed December 9, 2013, which consequently, is almost eight months after the one-year statute of limitations had expired.

Accordingly, Plaintiff's 42 U.S.C. § 1983 complaint will be **DISMISSED WITH PREJUDICE** as frivolous on the ground that these civil rights claims are time-barred by the applicable statute of limitations, and therefore, lack an arguable or rational basis in law (Doc. 2). *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998), *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law); *Day v. E.I. Du Pont De Nemours and Co.,* 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (*sua sponte* dismissal of time-barred *in forma pauperis* complaint as frivolous on its face); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous).

## V. CONCLUSION

Plaintiff's claims are time-barred by the applicable one year statute of limitation. In light of the above analysis and applicable law, it would have been futile to allow Plaintiff to amend his complaint since the noted deficiency is not remediable by amendment. *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

Accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A, Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous because it is time-barred (Doc. 2), and Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Doc. 1).

An appropriate judgment order will enter.

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE